[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 151.]

CINCINNATI BAR ASSOCIATION *v*. O'BRIEN.

[Cite as *Cincinnati Bar Assn. v. O'Brien*, 2002-Ohio-3621.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Handling a legal matter not competent to handle—Handling a legal matter without adequate preparation—Neglect of an entrusted legal matter—Not depositing funds partially belonging to client and funds presently or potentially belonging to attorney in separate trust accounts and withdrawing attorney's portion before due—Failing to cooperate in disciplinary investigation or hearing.*

(No. 2002-0347—Submitted April 10, 2002—Decided July 31, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-88.

————————————

**Per Curiam.**

{¶1} On October 9, 2000, relator, Cincinnati Bar Association, filed a complaint charging that respondent, James F. O'Brien of Cincinnati, Ohio, Attorney Registration No. 0030165, violated several provisions of the Code of Professional Responsibility with respect to eight separate client matters and that he violated Gov.Bar R. V(4)(G) by failing to cooperate with relator's investigation. Respondent did not answer, and on April 12, 2001, relator filed an amended complaint restating the allegations of the original complaint and adding a count with respect to a ninth client matter. Respondent answered the amended complaint, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶2}** Based on the answer, stipulations, testimony at a hearing, and other evidence, the panel found that in 1995, respondent had represented Roger and Jenny Tatman as intervening lien holders in a foreclosure brought against a third party by Fifth Third Bank. Respondent, concluding that the Tatmans had no defense, failed to respond to the bank's summary judgment motion, and the court entered an order dismissing the Tatmans' claims. Respondent did not inform the Tatmans of the dismissal, but told Roger Tatman that "everything was taken care of."

**{¶3}** The panel further found that in February 1998, after respondent was engaged by Dr. Parneet Sohi to defend him in a suit by a contractor regarding the construction of a new home, the contractor filed a motion for summary judgment. Respondent, concluding that Sohi had no available defense, failed to respond, and in May 1998 the court granted the motion for summary judgment. After respondent left the law firm that had employed him at the time, the firm sued Sohi for respondent's attorney fees. Respondent agreed to pay the law firm's fees himself and was substituted as plaintiff in the case against Sohi. The fee case was dismissed because respondent failed to appear at three successive status conferences. At the time of the hearing, respondent had not paid the firm as agreed.

**{¶4}** The panel also found that in 1998, respondent had represented Home Tech Properties, a defendant in a suit. Respondent did not deliver requested documents to the plaintiff in the case, and the plaintiff's motion for sanctions for failure to make discovery was granted in November 1998. Respondent paid the sanctions levied against Home Tech.

**{¶5}** The panel found that respondent, while representing Management Plus Realty Service, Inc. in an action in Hamilton County, again failed to respond to a motion for summary judgment, and in January 1999, the court entered judgment against Management Plus. Respondent later advised the principal shareholder of his client that the case was "proceeding" when, in fact, it had been dismissed. Respondent later admitted to his former law firm that he had failed to respond to

the summary judgment motion and agreed to file a Civ.R. 60(B) motion to set aside the judgment but failed to file that motion.

{¶6} In January 1999, while representing Dr. Donald Lee Hay, against whom an arbitration award was being enforced, respondent failed to produce requested documents. When the court penalized Hay $220 in costs for failure to provide discovery, respondent paid the sum himself.

{¶7} Respondent again failed to respond to discovery requests after having filed a complaint in 1998 for Brunk Excavating, Inc. against Losantiville Country Club. Respondent did not file responses to motions to compel discovery or to three motions for sanctions including dismissal. When the court dismissed Brunk's complaint and ordered Brunk to pay over $2,400 in attorney fees to the club, respondent personally paid the amount. Respondent also failed to appear at a hearing in June 1999 on the club's motion for enforcement of the court's orders. As a result the court granted the motion and entered final judgment against Brunk in the amount of $4,481.95. Respondent paid this amount personally.

{¶8} Representing Evergreen Farm Estates Home Owners Association, Inc. in an action in Butler County, Ohio, respondent failed to respond to discovery requests or an order to compel. In March 2000, the court ordered the association to pay the attorney fees of the defendant in the amount of $1,264. This amount was paid by respondent.

{¶9} In representing Jeffrey Welsh in a wrongful foreclosure action in Butler County, respondent advised the court that the case had been settled or that he expected it to be settled, although he had not informed Welsh of the settlement discussions and had no authorization from him to settle. On the basis of respondent's representations, the court entered an order that the case was settled and would be dismissed with prejudice unless the court was otherwise advised within sixty days. The sixty-day period passed without settlement being entered or respondent taking any other action in the case.

**{¶10}** Although relator advised respondent by certified letter and telephone messages in April and May 2000 of a grievance filed against him with respect to the eight matters in the original complaint, respondent did not respond. In June 2000, respondent did appear for a three-hour deposition in response to relator's subpoena duces tecum, but failed to deliver documents to relator as he promised at the deposition. Relator then filed its amended complaint in April 2001.

**{¶11}** When the count added by the amended complaint was considered by the panel, it found that in November 2000, respondent had agreed to serve as escrow agent for a real estate transaction between his client, buyer Shaun W. Lee, and seller James J. Robbins. It found that respondent was to receive $121,072.69 and promptly make specific disbursements. It further found that respondent not only failed to deposit some of the funds into his lawyer's trust account, but also failed to pay off the mortgage debt as agreed and, in addition, withdrew $29,218.29 from the escrow funds without any authorization. Moreover, respondent falsely represented that he had paid off the mortgage by mailing a certified check that had been "lost" and using funds from his lawyers' trust account to make a mortgage payment, thereby concealing the fact that the mortgage had not been paid. Ultimately, in January 2001, respondent paid off the mortgage from his own funds.

**{¶12}** The panel found that respondent's conduct in these matters violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(1) (a lawyer shall not handle a legal matter that he is not competent to handle), 6-101(A)(2) (a lawyer shall not attempt to handle a legal matter without preparation adequate in the circumstances), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), and 9-102(A)(2) (funds partially belonging to clients and funds presently or potentially belonging to a lawyer must be deposited in a separate trust

4

account and the portion belonging to the lawyer may not be withdrawn until due). The panel also found that respondent's initial failure to cooperate with relator violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing).

{¶13} The panel received mitigating evidence to the effect that respondent is being treated by a psychiatrist for depression and has come to understand his pattern of avoidance and its role in damaging his clients, that he is willing to work with the Ohio Lawyers Assistance Program as he pursues his treatment, that he has had no prior disciplinary actions, that none of his clients suffered a financial loss, and that he showed great remorse and contrition for his conduct. The panel recommended that respondent be suspended indefinitely from the practice of law with the date of suspension effective February 1, 2002, when respondent agreed to cease practicing law. As one of the conditions of filing for reinstatement, respondent is to enter into and successfully complete a contract with Ohio Lawyers Assistance Program.

{¶14} The board adopted the findings, conclusions, and recommendation with conditions of the panel.

{¶15} On review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended indefinitely from the practice of law in Ohio with the date of suspension effective February 1, 2002. As one of the conditions of filing for reinstatement, respondent shall enter into and successfully complete a contract with Ohio Lawyers Assistance Program. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

—————————————

John B. Pinney and John G. Slauson, for relator.

Gary J. Leppla, for respondent.

_____